FILED
October 26, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003029486

WENDY DEZZANI (115870)
Attorney at Law
P.O. Box 1446
Placerville, CA 95667
Telephone: (530) 622-7592
Email: wdezzani@aol.com

Attorney for Trustee,
Gary R. Farrar

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

Sacramento Division

-o0o-

| | |
|---|---|
| In re | BK NO. 10-23187-A-7 |
| | DC No.: WSD-2 |
| Robert Douglas Powers and Rhonda Powers, | Date: November 29, 2010<br>Time: 9:00 a.m.<br>Ctrm: 28, 7th Floor, Dept: A<br>Hon. Michael C. McManus<br>501 "I" Street, Sacramento |
| Debtors. / | |

### TRUSTEE'S VERIFIED MOTION FOR AUTHORIZATION TO SELL ESTATE'S CO-OWNERSHIP INTEREST IN CONDOMINIUM, SUBJECT TO LIENS, CLAIMS AND INTERESTS (11 B APACHE DRIVE, WESTERLY, RHODE ISLAND) [DC No. WSD-2]

#### A. Introduction

Gary R. Farrar (the "Trustee"), Trustee of the Robert Douglas Powers and Rhonda Powers Chapter 7 estate, hereby moves the Court for authorization to sell to the debtors in this case, Robert Douglas Powers and Rhonda Powers (the "Powers" or the "Debtors"), or nominee, the Chapter 7 estate's 50% interest in a two-bedroom, one-bath condominium (approximately 920-square feet), commonly known as 11 B Apache Drive, Westerly, Washington County, Rhode Island 02891 (the Condominium), for the sum of $7,500.00 (net to the Chapter 7

wsd\Farrar\Powers\WSD-2 Sale.Condominium.

estate), and the waiver by the Powers of their exemption claim in the amount of $20,375 for the Condominium (collectively, the "Purchase Price"). Mr. Powers' brother, Richard Lee Powers, is the co-owner of the Condominium. The Trustee is proposing to sell the Estate's 50% interest in the Condominium, **"AS IS," without warranties, and subject to any and all liens, claims and interests,** including, but not limited to, any reimbursement claims and other claims by Richard Lee Powers. A true and correct copy of the proposed sale agreement is attached hereto as Exhibit "1" (the "Agreement").

The Trustee requests that he be authorized, as the representative of the Powers Chapter 7 estate, to execute any documents reasonably necessary to effectuate the Agreement, including, but not limited to, a quitclaim deed to the estate's 50% interest in the Condominium. The Trustee brings this motion pursuant to 11 U.S.C. section 363(b)(1), and Federal Rule of Bankruptcy Procedure 2002(a)(2).

### B. Background

The Powers filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 10, 2010 (the "Petition Date"), commencing Case No. 10-23187-A-7. Gary R. Farrar was appointed as the trustee of the Powers Chapter 7 estate (the "Estate") on February 11, 2010.

The Debtors listed on their Schedule A of Real Property a 50% interest in the Condominium. Mr. Powers' brother, Richard Lee Powers, is the co-owner of the Condominium. The Powers listed the value of the Condominium (100% interest) as $128,000 on their Schedule A. The Powers claimed an exemption in the amount of $20,375 for the Condominium on their Schedule C.

The Trustee consulted a real estate broker in Rhode Island, Sandy Bliven of Coldwell Banker, Cahoone, regarding the value of the Condominium. Ms. Bliven recommended a listing price of $146,600 and estimated an ultimate selling price of $140,000, subject to possible adjustment upon viewing the interior of the property.

The Trustee seeks to liquidate the estate's 50% interest in the Condominium. The Powers would like to retain their interest in the Condominium. The Trustee believes that a sale of the estate's co-ownership interest in the Condominium to the Debtors, "as is" and subject to liens, claims and interests, is likely to maximize the Estate's recovery and to result in an earlier distribution to creditors.

C. **Terms of Proposed Sale of Estate's Co-Ownership in the Condominium, Subject to Liens, Claims and Interests**

The primary terms of the Agreement are as follows:

1. The Agreement is conditional upon entry of an order approving the Agreement by the United States Bankruptcy Court in Case No. 10-23187-A-7 ("Bankruptcy Court Approval").

2. The Powers have agreed to pay to the Estate the sum of $7,500.00 (net to the Estate) in good funds, and to waive the Powers' exemption claim in the amount of $20,375 for the Condominium (collectively, the "Purchase Price"), in exchange for the sale to the Powers of the Estate's interest in the Condominium, on the terms and conditions set forth below.

3. The Purchase Price is to be paid as follows:

    a. The Powers paid an initial purchase deposit of $5,000.00 to the Trustee prior to executing the Agreement. The $5,000.00 deposit shall become nonrefundable upon Bankruptcy Court Approval of this Agreement. The Trustee is holding the $5,000.00 deposit made by the Debtors in trust pending Bankruptcy Court Approval.

    b. The Powers are to pay the remaining $2,500 to the Trustee within 14 days after Bankruptcy Court Approval.

    c. Conditional upon, and effective automatically upon, Bankruptcy Court Approval, the Powers' exemption claim in the amount of $20,375 for the condominium shall be deemed to be waived.

d. In the event the Bankruptcy Court does not approve the proposed sale of the Estate's interest in the Condominium to the Powers pursuant to this Agreement, the Trustee shall return the $5,000.00 deposit to the Powers within 10 days after approval of the Agreement is denied; and the Powers shall retain their exemption claim in the amount of $20,375 for the Condominium.

e. In the event the Powers fail to pay the remaining $2,500.00 of the purchase price in good funds when due, the Trustee may terminate the sale, and the Trustee shall be entitled to his reasonable attorney's fees and costs incurred in preparing and requesting Bankruptcy Court Approval of this Agreement.

4. The Estate's interest in the Condominium shall be sold "As Is", whatever that interest may be, without any warranties or representations whatsoever. Without limiting the generality of the foregoing, the Estate's interest in the Condominium shall be sold subject to any and all co-ownership claims, security interests, liens, encumbrances, rights of reimbursement, claims, rights, title disputes, and other interests, including, but not limited to, the following:

a. Any co-ownership claims by Richard Powers, and/or any other persons or entities;

b. Secured property taxes, supplemental taxes, assessments, and the like, and penalties and interest thereon, secured by the Condominium.

c. Any owners' association fees, assessments and the like, and interest and penalties thereon, secured by the Condominium.

d. The deed of trust of Washington Trust Bank, or successor in interest, in the approximate amount of $58,000, and/or any other persons or entities.

Potential buyers are hereby advised that: as the trustee in Case No. 10-23187-A-7, the Trustee has succeeded to the Powers' co-ownership interest in the Condominium and has not inspected the Condominium. Consequently, the Trustee's knowledge of the Condominium is extremely limited, including, but not limited to, his knowledge of the condition of the Condominium, repairs or maintenance needed to the Condominium or to any personal property

wsd\Farrar\Powers\WSD-2 Sale.Condominium.

located in the Condominium, defects in the Condominium, security interests, liens and encumbrances against the Condominium, claims for the reimbursement of taxes, mortgage payments or other expense related to the Condominium, the merits of and defenses to any claims against the Condominium, and other matters that may affect the title to or the value of the Condominium. The Powers have agreed to purchase the Estate's interest in the Condominium subject to the co-ownership interest of Richard Powers, and any known and unknown security interests, liens, encumbrances, ownership claims, claims for reimbursement, title disputes, other interests and defects affecting or potentially affecting the Condominium, **without any adjustment of the Purchase Price**.

5. The sale of the Condominium is subject to overbids on terms to be established by the Bankruptcy Court at the time of the hearing on this motion. In the event of overbids by a person or entity other than the Powers, the Powers' exemption claim for the Condominium shall not be waived, the minimum bid for the Estate's interest in the Condominium shall be adjusted to reflect the amount of the Powers' exemption claim, and the Condominium shall be sold to the high bidder, subject to the co-ownership interest of Richard Powers, and any and all security interests, liens, encumbrances, ownership claims, claims for reimbursement, title disputes, other interests and defects, known and unknown.

6. Conditional upon the later of: Bankruptcy Court Approval, and receipt from the Powers of the entire amount of the Purchase Price in good funds, if desired by the Powers, the Trustee shall execute and deliver to the Powers, or nominee, a quitclaim deed for the Debtors' interest in the Condominium, without warranties, within seven business days after the Trustee's receipt from the Powers of a quitclaim deed in a form acceptable to the Trustee. It shall be the Powers' responsibility to provide the Trustee with the form of quitclaim deed, including the legal description of the Condominium, in a form acceptable to the Trustee, prior to the closing of the case.

7. The Powers have agreed to waive, release and forego any and all rights to a distribution from the Chapter 7 Estate on account of an exemption claim with respect to the

Condominium. The Powers shall also be responsible for any and all recording fees, title costs, escrow fees and transfer taxes that may be incurred in effectuating the transfer.

### D. Tax Consequences of Proposed Agreement

The Trustee does not expect that the Estate will incur any taxes as a result of the sale of the Condominium. The projected administrative expenses of the Estate and the personal tax exemptions the Estate may claim are expected to exceed the sale proceeds of $7,500.00. In the event that any taxes are incurred as a result of the sale of the Condominium, such taxes will be paid as an administrative priority claim from the sale proceeds.

The Trustee's attorney, Wendy Dezzani, has recently been employed by the Franchise Tax Board. Prior to Ms. Dezzani's becoming employed by the Franchise Tax Board, Ms. Dezzani and the Trustee discussed the Estate's tax basis in the Condominium and potential tax consequences to the Estate of a sale of the Condominium to a third party. The Trustee did not consult Ms. Dezzani regarding any potential tax consequences of entering into the pending purchase agreement proposed by the Powers, nor has the Trustee consulted with Ms. Dezzani regarding any other tax matters since the time Ms. Dezzani became employed by the Franchise Tax Board.

The Trustee will consult an accountant with regard to any tax liability resulting from the sale and any other tax matters relating to the Estate. Ms. Dezzani will not represent either the estate or the Franchise Tax Board in the future with respect to any tax matters in connection with this case.

### E. Overbid Procedure

The proposed sale of the Condominium is subject to overbids. The Trustee will recommend at the time of the hearing that the Court approve the following overbid procedure:

1. All overbids shall be on substantially the same terms and conditions as the pending sale.

wsd\Farrar\Powers\WSD-2 Sale.Condominium.

TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL
ESTATE'S CO-OWNERSHIP INTEREST IN CONDOMINIUM      6

2. The first initial overbid shall be in the minimum amount of $30,000.00[1] ($2,125.00 over the effective Puchase Price to be paid by the Powers).

3. Subsequent overbids shall be in minimum increments of $1,000.00.

4. A cashier's check in the minimum amount of $30,000.00 shall be provided to the Trustee at the time the prospective purchaser makes the first overbid. The cashier's check should be made payable to the bidder and shall be endorsed over to the Trustee at the hearing in the event the prospective purchaser is the high bidder. The successful bidder shall be required to deliver a cashier's check for any remaining balance of the Purchase Price to the Trustee within 24 hours after the hearing at which the sale is approved (the "Additional Deposit").

5. The successful bidder's purchase deposit(s) shall become non-refundable at the time of the hearing, upon approval and acceptance of the bid as the high bid.

6. In the event that the successful bidder fails to pay the Additional Deposit (if any) within the time set forth above, or such later date as the Trustee may agree; the entire amount of the deposits then held by the Trustee shall be forfeited to the Trustee, and the Trustee shall be free to sell the Condominium to another party, subject to any necessary court approvals.

7. The cashier's checks of all unsuccessful bidders shall be returned immediately following the hearing.

8. A back-up bid may be approved, and the Condomimium may be sold to the back-up bidder, at the option of the bidder, if the successful bidder fails to pay the Additional Deposit within the time provided above, without necessity of a further court order.

///

---

[1] Recommended initial overbid amount is calculated as follows: $7,500.00 net cash to be paid by the Powers, plus $20,375.00 (value of waiver by the Powers of their exemption claim for the Condominium), plus $2,125.00 recommended initial minimum increment for an overbid.

wsd\Farrar\Powers\WSD-2 Sale.Condominium.

## F. Conclusion

WHEREFORE, Gary R. Farrar, Trustee of the Powers Chapter 7 estate, respectfully asks the Court to approve the proposed Agreement for the sale of the Estate's 50% interest in the Condominium to the Powers on the terms and conditions provided therein; and to grant such other and further relief as the Court deems proper.

WENDY DEZZANI, ATTORNEY AT LAW

DATED: October 26, 2010

*/s/ Wendy Dezzani*
WENDY DEZZANI
Attorney for Trustee, Gary R. Farrar

wsd\Farrar\Powers\WSD-2 Sale.Condominium.

## VERIFICATION

I, Gary R. Farrar, am the duly appointed Chapter 7 Trustee in the above-captioned case. I have read the foregoing Trustee's Motion for Authorization to Sell Estate's Interest in Condominium, Subject to Liens, Claims and Interests [DC No. WSD-2], and I know the contents thereof. I certify that the same is true of my own knowledge, except as to those matters which are stated upon my information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury the foregoing is true and correct.

Executed this 26 day of October, 2010, at Modesto, California.

GARY R. FARRAR

wsd\Farrar\Powers\WSD-2 Sale.Condominium.

TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL
ESTATE'S CO-OWNERSHIP INTEREST IN CONDOMINIUM          9